Commonwealth *v.* Donald, Appellant.

408

Submitted March 11, 1974. Before WATKINS, P. J. JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

Before CALDWELL, J., without a jury.

*Philip D. Freedman,* Assistant Public Defender, for appellant.

*Marion E. MacIntyre,* Deputy District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P. J., April 3,1974:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Dauphin County after conviction before the court below after waiver of a jury trial of the crime of assault with intent to murder.

The facts are very important in this case. On November 28, 1972, the victim, Elizabeth Clautice, was on her way home when she met the appellant, Harold Lovend Donald. They walked together for ten blocks to 1648 North Fourth Street, the home of the appellant and his parents.

While in the kitchen of the home of the appellant, the appellant took a knife and slashed the victim's head causing seven deep wounds in her scalp. She escaped and ran hysterically into the street. She came on a police car and was immediately transported to

the emergency room of a local hospital. It took 40 stitches to close the wounds. The officers were summoned to the appellant's home and spoke to the appellant's father. Upon entering the kitchen, they observed a large quantity of blood on the floor. The appellant was not there, but 20 minutes later the police received a call from the father saying that the appellant was home. On their second visit, the appellant was arrested for outstanding charges not connected with the present crime and was later taken to City Hall at 2:40 a.m. on November 29, 1972.

After the victim was treated at the hospital, she was taken to City Hall for the purpose of securing her statement. When she was passing through the hall she noticed the appellant standing and positively identified him as her assailant. The appellant was then charged.

On June 18, 1973, he waived a jury trial and was tried before the Honorable William W. CALDWELL sitting without a jury. At the trial, the victim's identification of the appellant was "I assume it is the defendant, I mean his hair has grown longer" and "I think so." She indicated that he had gold teeth and on cross-examination the appellant admitted that he had gold teeth. Her description to the police of her assailant was unusually accurate.

Two police officers testified to the identification of the appellant at City Hall by the victim. The appellant admitted everything that happened according to the victim except for the actual assault. He testified that there was another man in the house and that he must have perpetrated the assault but there was no corroborating testimony to this fact.

The appellant was found guilty and the fact finder resolved the credibility issue on the basis of what occurred immediately after the incident when she approached the police officers. Motion for a new trial

was denied and the appellant was sentenced to not less than two years nor more than five years.

Credibility was for the trier of fact and was resolved in favor of the appellee. The court below said:

"The witness recognized the defendant when she walked past the doorway of a room in which he was talking to a police officer.

. . . .

"Furthermore, the identity of the defendant was strongly supported by the fact that the attack occurred in his home, to which he had taken the victim following a chance meeting with her on a city street. Other evidence found at the defendant's residence also constituted strong support for the victim's identification of the defendant. While the victim's testimony was subject to careful scrutiny and was received with caution, it was nevertheless proper to rely on it, and the credibility of the witness and the weight to be given her testimony were questions for the fact finder. Commonwealth v. Baker, 220 Pa. Superior Ct. 86, 283 A. 2d 716 (1971)." The weight of identification is for the fact finder. For discussion of the admission of identification testimony, see *Commonwealth v. Kloiber*, 378 Pa. 412, 106 A. 2d 820 (1954).

Judgment affirmed.