344 A.2d 491
COMMONWEALTH of Pennsylvania
v.
Blaine WYLIE, Appellant.

Supreme Court of Pennsylvania.

Argued July 1, 1975.

Decided Oct. 3, 1975.

Joseph P. Zawrothy, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Glenn Gitomer, Asst. Dist. Atty., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Blaine Wylie, was tried by a judge sitting without a jury and found guilty of murder in the second degree, conspiracy and possession of criminal instruments. Post-trial motions were denied and appellant was sentenced to a term of not less than five nor more than fifteen years for second-degree-murder, and one year each, to run concurrently, for his conspiracy and possession of criminal instruments convictions. This appeal followed.

Appellant argues that the evidence presented by the Commonwealth was insufficient to prove his guilt beyond a reasonable doubt. We do not agree. Examining the evidence in a light most favorable to the Commonwealth, the following facts were proven. The Commonwealth produced an eyewitness to the homicide who identified appellant as the person who was with the actual perpetrator of the homicide. According to the eyewitness, she observed several boys chase the decedent and thereafter she saw appellant reach under his shirt and pass the murder weapon to the actual perpetrator, and she thereafter heard appellant say "Hit him again." Another witness to the crime was unable to identify appellant by facial description, but testified that the person who handed the gun to the perpetrator was sitting on a yellow bicycle and wearing a white T-shirt.

Officer William Gillespie of the Philadelphia Police testified that pursuant to a radio call he proceeded to the

scene of the homicide and en route passed a youth riding a yellow bike and wearing a white T-shirt. The officer further testified that when the youth looked in his direction, he left the bicycle and ran; the officer gave chase and subsequently apprehended appellant. Appellant then gave a statement to the police in which he claimed that his only involvement with the crime was the receipt of the weapon after the crime and its transportation to a third party; he further stated that at no time did he chase the decedent.

At trial, appellant testified that he and the perpetrator spotted the decedent, that the perpetrator chased and shot the victim, and then he only received the gun from the actual perpetrator. While the evidence in the instant case was conflicting, the finder of fact could well have found that, based upon the testimony of the eyewitness, appellant's guilt was proven beyond a reasonable doubt. See *Commonwealth v. Coleman*, 455 Pa. 508, 318 A.2d 716 (1974).

█ Lastly, appellant argues that his confession was erroneously admitted into evidence. Appellant filed a timely pretrial motion to suppress his confession, but failed to raise the issue in post-trial motions in the court below and is, therefore, precluded from raising the issue on appeal. See *Commonwealth v. Williams*, 459 Pa. 589, 330 A.2d 854 (1975).

Judgment of sentence affirmed.