380 A.2d 1284

**COMMONWEALTH of Pennsylvania**

v.

**Harry L. WHITMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 8, 1976.

Decided Dec. 2, 1977.

Robert Scandone, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This is an appeal from convictions of criminal conspiracy, robbery and aggravated assault. Appellant filed a motion for a new trial and in arrest of judgment, which was denied. This appeal follows imposition of sentence. We affirm.

On December 30, 1973, appellant, in the company of two or three other men, entered Stoney's Bar in Philadelphia. One of the men pointed a rifle at the bartender and announced a hold-up. Attempting to gain access to the cash register, appellant leaped over the bar and struggled with the manager, Eugene Anderson. When Anderson broke away from appellant, one of the intruders shot Anderson in the back. The men, empty handed, then fled.

Appellant's first contention is that a statement which he made to a police officer just after his arrest was improperly admitted into evidence. In the course of appellant's *Miranda* warnings, after explaining that the investigation concerned the Stoney's robbery, Detective Lauer asked, "Do you want to remain silent?" Appellant responded, "Yes. You can hang that on me, but I didn't do the shooting." Appellant's motion to suppress the statement under Pa.R.Crim.P. 323 was denied. The trial judge, however, initially ruled the statement inadmissible; therefore, it was not introduced in the Commonwealth's case-in-chief. Appellant's sister, his alibi witness, testified that her brother was in her company at the time of the Stoney's Bar incident. The Commonwealth, in order to rebut the alibi testimony, requested and received the court's permission to introduce appellant's statement.

Appellant's argument that the statement was taken in derogation of his *Miranda* rights is meritless. Statements resulting from *custodial interrogation* of a defendant may not be presented by the prosecution until it is shown that procedural safeguards to secure the defendant's right

against self incrimination, have been effectuated. *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Appellant's statement was not the result of interrogation. The Pennsylvania Supreme Court has said:

> "*Miranda* simply requires that an accused be told of his rights. It in no way precludes the use of voluntary confessions, but merely requires the giving of certain warnings so that an accused can make a knowledgeable decision whether to confess. The requirement of 'interrogation' is designed to permit the use by the prosecution of a confession that is given by an accused *without any prompting*, before warnings can be given." *Commonwealth v. Simala*, 434 Pa. 219, 226, 252 A.2d 575, 578 (1969).

The court has repeatedly emphasized that "interrogation" means police questioning or conduct which is calculated to, expected to, or likely to evoke admissions. *Commonwealth v. Simala, supra; accord, Commonwealth v. Yount*, 455 Pa. 303, 314 A.2d 242 (1974); *Commonwealth v. Mercier*, 451 Pa. 211, 302 A.2d 337 (1973). Therefore, voluntary statements are not barred by *Miranda* from admission in criminal prosecutions. *Commonwealth v. Wiggins*, 472 Pa. 95, 371 A.2d 207 (1977); *Commonwealth v. Boone*, 467 Pa. 168, 354 A.2d 898 (1976); *Commonwealth v. Davis*, 460 Pa. 37, 331 A.2d 406 (1975); *Commonwealth v. DuVal*, 453 Pa. 205, 307 A.2d 229 (1973).

*Commonwealth v. Clark*, 454 Pa. 329, 311 A.2d 910 (1973), presented facts similar to those before us. There, as here, the appellant interrupted the officer who was giving him his *Miranda* warnings. When asked if he wished to remain silent, appellant made an incriminating statement. The court held that:

> "[the] oral statement . . . was not the product of police interrogation or duplicity, but a voluntary utterance during an attempt by a police officer to determine whether an accused person who had been taken into custody effectively understood his rights. . . . [Such could not] be said to be 'interrogation' without prior warning of

constitutional rights, such as was condemned in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); it was rather a further recognition of those rights, and preparatory to interrogation." *Id.* 454 Pa. at 335, 311 A.2d at 913.

In the instant case, during *Miranda* exchange, appellant indicated his desire to remain silent, thereby evidencing awareness of his right to do so. In addition, however, he blurted out a statement which could reasonably be construed as an admission of participation in the robbery and denial of responsibility for the shooting. The statement was unsolicited by police conduct or questioning, and therefore appellant's suppression request, based on alleged *Miranda* violations, was properly denied.[1]

Appellant next maintains that his statement should not have been admitted because it was an equivocal remark and therefore it did not qualify under the admissions exception to the hearsay rule. Hearsay is "testimony in court . . . of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein and thus resting for its value upon the credibility of the out-of-court asserter." McCormick, *Evidence* 584 (2d ed. 1972). It is not clear from the record upon what rationale the trial judge admitted appellant's statement into evidence. The Commonwealth's offer, and most of the argument at sidebar, however, centered around use of the statement for

---

1. Appellant, citing *Commonwealth v. Kichline*, 468 Pa. 265, 361 A.2d 282 (1976), urges that the prosecution has not satisfied its burden of showing that appellant understood all of his *Miranda* rights and voluntarily waived them. *Kichline* signed three confessions as well as several waiver cards. He alleged the involuntariness of the confessions and waivers due to fatigue and nervousness. In the instant case, we have already determined that appellant's statement was voluntary. There is no indication in the record of any police coercion. As far as waiver of *Miranda* rights is concerned, *Kichline* is inapposite. In the instant case, appellant's remark, not a formal confession as in *Kichline*, was not compelled and did not follow any purported waiver of constitutional rights. Further, it would be impossible for the Commonwealth to demonstrate appellant's thorough understanding of his rights and voluntary waiver thereof, since it was during the administration of *Miranda* warnings that appellant's spontaneous comment occurred.

rebuttal purposes. Nevertheless, the admission of appellant's remark could be justified under the admissions exception to the hearsay rule.

"An 'admission' as applied to criminal cases has been defined as a 'statement by defendant of a fact or facts pertinent to the issues, and tending, in connection with proof of other facts or circumstances, to prove the guilt, . . . but which is, of itself, insufficient to authorize conviction; it is a circumstance which requires the aid of further testimony to generate a reasonable conclusion of guilt.' . . . Voluntary statements made by a defendant, although they may not amount to a confession of guilt, can be used against him if they tend to explain issues on trial, . . ." *Commonwealth v. Evans*, 190 Pa.Super. 179, 245–46, 154 A.2d 57, 92 (1959), *quoting, Commonwealth v. Elliott*, 292 Pa. 16, 20, 140 A. 537, 538 (1928).

▉▉ Detective Lauer testified that he commenced his dialogue with appellant by informing him of the robbery charges. Appellant, when asked if he wished to remain silent, stated, "Yes. You can hang that on me, but I didn't do the shooting." Appellant asserts that the remark was too equivocal to present to the jury and should not be left to their interpretation. We disagree.[2] A jury could reasonably interpret the statement as an express admission by appellant that he participated in the robbery. *See Commonwealth v. Johnson*, 457 Pa. 554, 327 A.2d 632 (1974). It was thus admissible as an exception to the hearsay rule. *Commonwealth v. Johnson, supra; Commonwealth v. Cheeks*, 429 Pa. 89, 239 A.2d 793 (1968); *Commonwealth v. Wentzel*, 360 Pa. 137, 61 A.2d 309 (1948).

▉ Appellant further argues that even if the use of his statement was not barred by the hearsay rule, it could only

2. We note, with approval, the great care taken by the prosecution in ensuring that the question that preceded appellant's statement, and the first word of it, "yes", were not offered into evidence. A reference during trial to a defendant's desire to remain silent at the time of arrest is reversible error. *Commonwealth v. Flynn*, 248 Pa.Super. 62, 374 A.2d 1317 (1977).

be used to cross-examine him and not to rebut his alibi witness. It is well settled that:

"[e]vidence is admissible in rebuttal to contradict that offered by a defendant or his witnesses, even though by doing so the Commonwealth supplies previous omissions from its case in chief. *Commonwealth v. Hickman*, 453 Pa. 427, 432, 309 A.2d 564 (1973), *Commonwealth v. Libonati*, 346 Pa. 504, 511, 31 A.2d 95 (1943); 2 Henry, *Pennsylvania Evidence*, § 730 (1953)." *Commonwealth v. Tervalon*, 463 Pa. 581, 590, 345 A.2d 671, 676 (1975).

In *Tervalon*, the appellant had not testified at trial. His wife testified as to appellant's whereabouts at the time of the crime's commission. We held that the Commonwealth was properly permitted to rebut the alibi testimony by introducing a contradictory statement made by appellant to a police officer. The *Tervalon* court held that such statements could only be offered into evidence if recognized standards of voluntariness and constitutional requirements were met. We have already decided that appellant's statement was voluntary and that no constitutional imperatives were violated. Therefore, under the *Tervalon* rationale, appellant's statement could properly be used to rebut his alibi witness.

From the foregoing, we conclude, first, that appellant's statement was voluntary rather than the result of interrogation, and therefore, there was no violation of his *Miranda* rights. Second, appellant's statement qualified as an admission, an exception to the hearsay rule. Third, the admission of appellant's remark to rebut his alibi witness was clearly permissible.

▮ Appellant next contends that the lower court erred in allowing a separately tried co-defendant, Barry Adams, to be present in the courtroom during appellant's trial. Several witnesses identified Adams as one of the Stoney's Bar intruders. A police officer testified that three days after the robbery, Adams was in possession of a rifle believed to be connected with the incident. The rifle was admitted into evidence and references to Adams were made during the

trial. We find no abuse of discretion because the prosecution is permitted to bring into court others connected with the crime for identification purposes. *Commonwealth v. Simmons,* 361 Pa. 391, 65 A.2d 353 (1949); *Commonwealth v. Petrillo,* 338 Pa. 65, 12 A.2d 317 (1940).

Appellant asserts that the court erred in its jury instruction regarding a prior inconsistent identification. The underlying facts are as follows. On January 26, 1974, Anderson, the victim of the Stoney's Bar shooting, identified a photograph of appellant as that of the man who shot him. He subsequently testified, at the preliminary hearing and at trial, that appellant did not do the shooting, but that it was appellant with whom he was struggling when a shot was fired by someone else. The trial judge refused defense counsel's request for a factually specific charge, saying that he did not wish to advocate one reconciliation of the inconsistency over another. The court did, however, deliver a lengthy identification charge.[3] Viewing the charge as a

**3.** The judge charged as follows:
"In assessing the value of the identifying witness' testimony, two things are to be considered by you as Jurors; one, the general credibility of the witness; two, the basis upon which the identification is made. In this case, therefore, you must first determine whether you believe the eyewitnesses as to what they testified to. If you don't believe then [sic] then you will disregard their testimony as to identification. If, on the other hand, you believe the witness, the eyewitness, then you will consider the basis upon which he makes the identification, you will consider his ability to observe at the time of the incident, the length of time which he had to learn of the identifying features of the perpetrators, the opportunity that he had for observing under the prevailing conditions and circumstances and then you will consider his memory of the events and the ability to recall the observation that the witness made. In this regard you will consider the time lapse between the criminal incident and the first identification and later identifications. If you believe that the eyewitness is credible and telling the truth and you find from the testimony that that eyewitness' ability to observe was adequate and good and that he made prior identifications, then you may receive the witness' positive identification as you would any other evidence in this case. If you find, on the other hand, that the witness was not in a position to clearly observe the perpetrators or that he is not positive of the identification or that his positive statements as to identity are weakened by qualifications or by failure to identify the defendant on more than one occasion—on one or more occasions, I should say, then the

whole, *Commonwealth v. Kelly*, 245 Pa.Super. 351, 369 A.2d 438 (1976), we find no reversible error. While it is true that evidence of identity need not be positive and certain in order to convict, *Commonwealth v. Mason*, 211 Pa.Super. 328, 236 A.2d 548 (1967), discrepancies between two identifications of a witness require cautionary instructions. *Commonwealth v. Kloiber*, 378 Pa. 412, 106 A.2d 820, *cert. denied*, 348 U.S. 875, 75 S.Ct. 112, 99 L.Ed. 688 (1954). Where a witness is not in a position to observe the assailant closely, or he is not positive in regard to identity, or his positive statements of identification are weakened by qualification or failure to identify the assailant on one or more occasions, the accuracy of the identification is in doubt and the jury must be so informed. *Commonwealth v. Mouzon*, 456 Pa. 230, 318 A.2d 703 (1974), *accord; Commonwealth v. Kloiber, supra; Commonwealth v. Lomax*, 236 Pa.Super. 243, 344 A.2d 498 (1975).

The record herein shows that the judge fully charged the jury concerning the identification testimony. Although he did not mention the Anderson identifications specifically, the judge instructed the jury to use caution in weighing any inconsistent identification testimony. The weight to be given to identification testimony is for the trier of fact. *Commonwealth v. Donald*, 227 Pa.Super. 407, 323 A.2d 67 (1974). Anderson offered an explanation for the discrepancies in his identifications, which was also for the jury's evaluation. Such a discrepancy may affect the witness's credibility. Clearly, however, it does not affect the admissibility of testimony and does not require an instruction that the jury disbelieve the witness.

Appellant's final contention is that the court erred in refusing to grant a mistrial based upon the defense witness's reference, during cross-examination, to appellant's prior imprisonment. Appellant's sister was asked, "and how

accuracy of the identification, you may conclude, may be doubtful and you will take that testimony with circumspection. Aside from the eyewitness identification, on the question of identification you may also consider all the other circumstances and evidence in this case that bear towards identifying the perpetrators of the crime." (N.T.Vol. II pp. 149–151, emphasis supplied).

often do you see Harry, your brother?" She responded, "I had seen him about a week before that, he had just had his . . . you know, come home from prison." The situation is similar to *Commonwealth v. Markle*, 245 Pa.Super. 116, 369 A.2d 317 (1976), in which we found no prejudice. In both cases, the witness's answer was unresponsive; in neither case was the remark elicited by the prosecution in an attempt to establish a prior record.

> "Every unwise or irrelevant remark made in the course of a trial by a judge, a witness, or counsel does not compel the granting of a new trial. [The remark must be] of such a nature or substance or delivered in such a manner that it may reasonably be said to have deprived the defendant of a fair and impartial trial." *Commonwealth v. Phillips*, 183 Pa.Super. 377, 382, 132 A.2d 733, 736 (1957).

We find the unsolicited and isolated remark in the instant case to fall far short of depriving appellant of a fair and impartial trial. Further, appellant rejected the court's offer of cautionary instructions, the remedy which could have cured any possible prejudice, and therefore, will not be heard to complain now.

Judgment of sentence affirmed.