402 A.2d 534

**In the Interest of Clarence Ronald COX, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Decided April 20, 1979.

John A. Mihalik, Assistant Public Defender, Bloomsburg, for appellant.

Gailey C. Keller, District Attorney, Bloomsburg, for Commonwealth, appellee.

Before CERCONE, HESTER and HOFFMAN, JJ.

HOFFMAN, Judge:

█ This is an appeal from an adjudication of delinquency based upon a finding that appellant was guilty of robbery. Appellant now contends that the Commonwealth failed to prove his identity beyond a reasonable doubt.[1] For the reasons which follow, we disagree and therefore affirm the adjudication of delinquency.

John Shearer, the victim, testified that he was in the process of closing up his grocery store around 6:30 p. m. on January 23, 1978 when a man wearing a ski mask over his face and brandishing a knife and blackjack came into his store and demanded money. The man held his knife under Shearer's chin and beat him around the head with his blackjack until Shearer passed out. When Shearer regained consciousness, he grabbed a butcher knife from below the counter and chased the robber out. He then discovered that money had been taken from his cash register. When the police arrived in response to his call, Shearer gave them a description of his assailant's knife and blackjack, the man's brown sweater or sweat shirt, and his ski mask, which he described as beige with a red stripe and one large eye hole.

Police officer Albert Wagner testified that on January 24, 1978, he executed a search warrant at the home of Sharon Cox, appellant's mother, but found only a hunting knife which matched Shearer's description. On February 28, 1978, Officer Wagner returned to the Cox home where Mrs. Cox gave him a brown sweater and a dark brown ski mask. Wagner took these two items to Shearer, who said that they

1. Appellant also contends that certain physical evidence introduced by the Commonwealth should have been suppressed because of an allegedly tainted and suggestive pre-trial exhibition of the evidence to the victim for identification purposes. We need not reach this contention because appellant has waived the issue by not moving pre-trial to suppress this evidence and by not raising the issue in post-trial motions. *See Commonwealth v. Spriggs*, 463 Pa. 375, 344 A.2d 880 (1975); *Commonwealth v. Wylie*, 463 Pa. 197, 344 A.2d 491 (1975).

looked similar to, and possibly could be, the items worn by his assailant.

Mrs. Cox testified that appellant owned the brown sweater and her other son owned the knife and ski mask. Two days after the police had searched the house, she found the sweater and a ski jacket (which she remembered appellant was wearing on the 23rd) stuffed under a booth in the kitchen. The next day while cleaning she found the ski mask in her bedroom closet.

Michelle Cox, appellant's ten-year old sister, testified that on the 23d, appellant answered a phone call at home a little after 7:00 p. m., then left to walk the dog, returning about 7:20 p. m. He asked Michelle where the ski mask was because he was going sleigh riding. She gave him the mask but he threw it in his mother's bedroom closet. He left the house about 7:30 p. m. to visit a friend; Michelle could not remember whether appellant took the mask with him when he left.

At trial, John Shearer could not positively identify the three items secured from the Cox house as those used by his assailant. He did say that each item was similar in type to the items used by the robber. He noted the similar blade length of the knife. The ski mask introduced at trial was also of the single eye-hole variety but it was a solid dark brown in color, not beige with a red stripe as originally described by Shearer. Shearer initially identified the brown sweater as "100% correct" in likeness. Michell Cox made a positive identification of the Commonwealth's ski mask as the one she handed to her brother that night and which he threw into the bedroom closet.

Appellant contends that his motion for arrest of judgment should have been granted because appellant's identity as the masked robber was not proved beyond a reasonable doubt.

An accused may be convicted by circumstantial evidence which, when taken in combination, links the accused to the crime beyond a reasonable doubt. *Common-*

*wealth v. Sullivan*, 472 Pa. 129, 149, 371 A.2d 468, 478 (1977). More specifically, "evidence of identification . . . needn't be positive and certain in order to convict, although any indefiniteness and uncertainty in the identification testimony goes to its weight. . . . Direct evidence of identity is, of course, not necessary and a defendant may be convicted solely on circumstantial evidence." *Commonwealth v. Hickman*, 453 Pa. 427, 430, 309 A.2d 564, 566 (1973). *Accord, Commonwealth v. Kloiber*, 378 Pa. 412, 425, 106 A.2d 820, 827 (1954). Thus, where the witness chased the defendant into a bar, and when entering recognized him from the type of clothing he was wearing, this was sufficient evidence upon which the jury could find identity beyond a reasonable doubt even though the witness could not say he was "100% sure" of his identification. *Commonwealth v. Murray*, 246 Pa.Super. 422, 429–30, 371 A.2d 910, 913 (1977).

Here, the evidence of identity is Shearer's identification of the three items taken from appellant's home as the ones used by his assailant on the night of the robbery. He made a positive identification of the brown sweater. As to the knife and ski mask, he said that they looked like the same type used by the robber. Under the principles stated above, this was sufficient to send the case to the jury. Shearer's failure to express his identification in terms of absolute certainty and the discrepancy with his pre-trial description of the ski mask merely go to the weight of the evidence to be considered by the jury. Together with Sharon Cox's testimony that appellant was wearing the brown sweater on the night in question and Michelle Cox's testimony that the mask in evidence was the same one thrown into the closet by appellant that night (where it was later discovered by Mrs. Cox), we hold that this combination of circumstantial evidence is sufficient to allow the jury to find identity beyond a reasonable doubt.

Adjudication of delinquency affirmed.