458 A.2d 231

**COMMONWEALTH of Pennsylvania**

v.

**Kevin MINNIS, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 14, 1982.

Filed March 18, 1983.

Petition for Allowance of Appeal Denied Nov. 18, 1983.

54

Sharon L. Steingard, Philadelphia, for appellant.

Eric Beller, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, P.J., McEWEN and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the evidence was insufficient to adjudicate him delinquent for robbery and that out-of-court identifications should have been suppressed. We find the evidence sufficient. However, because the out-of-court identifications resulted from a police station confrontation violating appellant's right to counsel, they should have been suppressed. Accordingly, we reverse and remand.

■ Appellant contends that the evidence was insufficient to establish his identity as a participant in the robbery. The test of sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, and drawing all reasonable inferences favorable to it, there is sufficient evidence to find every element of the crime and the identity of the accused beyond a reasonable doubt. *Commonwealth v. Harper*, 485 Pa. 572, 403 A.2d 536 (1979); *Commonwealth v. Hickman*, 453 Pa. 427, 309 A.2d 564 (1973) (identity an essential element of prosecution's case). The entire record with all evidence actually received must be considered, whether or not the lower court's rulings thereon were correct. *Commonwealth v. Harper, supra.* So viewed, the facts are as follows:

Appellant was arrested on October 14, 1980, six blocks from where a group of three youths had just snatched a gold chain from a young women's neck. The chain-snatching occurred within ten feet of a street light, with the perpetrator two-and-one half feet from the victim's face, and the other two youths standing on either side a step back. The victim's boyfriend saw the incident from the other side of a car. After another group of youths joined the three and chased the victim and her boyfriend back to the victim's house, the boyfriend pointed the assailants out to a nearby police officer. (N.T. 12/17/80 at 19). The arresting officer, on patrol a few blocks away, responded to a radio call describing three youths entering the south end of a particular alley. He arrested appellant who matched the description and was running from the north end of the alley with another youth. About one-half hour later, the police called the victim and her boyfriend to the police station, where they both picked appellant as the assailant, rather than two other youths they saw standing with the police. *Id.* at 8–9, 17. Appellant was subsequently charged as being either the perpetrator or an accomplice in the robbery. After a suppression hearing on December 17, 1980, at which the victim, her boyfriend, and the arresting officer testified, the lower court denied appellant's motions for suppression and recusal. At the adjudicatory hearing on January 29, 1980, the Commonwealth rested upon the record developed at the suppression hearing, while appellant presented an alibi witness. The lower court adjudicated appellant delinquent for robbery and placed him on probation, prompting this appeal.

■ Appellant contends that the evidence was insufficient because the victim's identifications were qualified, because the boyfriend identified appellant from his jacket, and because the record allegedly leaves reasonable doubt as to whether appellant personally snatched the chain. It is well-settled that, even though one person may be the actual perpetrator of a crime, another is equally criminally liable if he aids that person with the intent of promoting the crimi-

nal act. 18 Pa.C.S.A. § 306; *Commonwealth v. Bridges,* 475 Pa. 535, 381 A.2d 125 (1977); *Commonwealth v. Everett,* 297 Pa.Superior Ct. 320, 443 A.2d 1142 (1982). Although the prosecution may be required to prove that the defendant personally committed the criminal act if it so restricts its charge, *see Commonwealth v. Perkins,* 485 Pa. 286, 401 A.2d 1320 (1979) (equally divided court); *Commonwealth v. Garrett,* 423 Pa. 8, 222 A.2d 902 (1966); *cf. Commonwealth v. Tirpak,* 441 Pa. 534, 272 A.2d 476 (1971) (possessory crime), the Commonwealth here charged appellant alternatively with accomplice liability, Delinquency Petition ("in company with another"), and proved he was part of the initial group standing threateningly close to the victim and acting in concert with the perpetrator. In reviewing the sufficiency of the identification evidence, we note that, even though "vague, tenuous and uncertain" identifications standing alone are insufficient, *see Commonwealth v. Farrington,* 219 Pa.Superior Ct. 104, 280 A.2d 623 (1971); *Commonwealth v. Sharpe,* 138 Pa.Superior Ct. 156, 10 A.2d 120 (1939), our courts have held that "evidence of identification ... needn't be positive and certain in order to convict, although any indefiniteness and uncertainty in the identification testimony goes to its weight." *Commonwealth v. Hickman, supra* 453 Pa. at 430, 309 A.2d at 566 (1973). *Accord, Commonwealth v. Kloiber,* 378 Pa. 412, 106 A.2d 820 (1954). Similarly, although identification based solely on common items of clothing and general physical characteristics is insufficient to support a conviction, *see e.g. Commonwealth v. Crews,* 436 Pa. 346, 260 A.2d 771 (1970), such evidence may be considered to establish identity along with other circumstances and the proffered identification testimony, *see In the Interest of Cox,* 265 Pa.Superior Ct. 469, 402 A.2d 534 (1979). Here, the victim's boyfriend, although he qualified his identification by reference to appellant's jacket, did not shy away from identifying appellant himself and not just his clothing. The victim was also familiar with appellant as a member of the group and the probable perpetrator. The identifications were consistent throughout and mutually corroborating.

·Moreover, although we find the out-of-court identifications should be suppressed, they are relevant to our review of the sufficiency of the evidence, *see Commonwealth v. Hickman, supra,* and were given without hesitation shortly after the crime while memories were fresh. *Commonwealth v. Donald,* 227 Pa.Super. 407, 323 A.2d 67 (1974). Finally, appellant's being arrested while fleeing from police six blocks from the crime, though a circumstance to be considered with caution, *see Commonwealth v. Goodman,* 465 Pa. 367, 350 A.2d 810 (1976); *Commonwealth v. Roscioli,* 454 Pa. 59, 309 A.2d 396 (1973), further reduces doubt as to identity, especially when considered with the boyfriend's testimony about promptly reporting the crime to an officer near the scene and the arresting officer's responding to the radio call. Accordingly, upon reviewing the record as a whole, we find the evidence sufficient to support the adjudication of delinquency.

Appellant contends next that evidence of the out-of-court identifications should be suppressed because he was denied his right to counsel during the procedure. Counsel's presence at an out-of-court identification procedure helps ensure that the confrontation will be conducted with a minimum of suggestiveness and that it will be observed by a person attentive to the suspect's interest who will later be able to develop a record of any suggestive influences brought to bear, even those unnoticed by the victim or the suspect. *Commonwealth v. Richman,* 458 Pa. 167, 320 A.2d 351 (1974). *See United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). In Pennsylvania, the right to counsel attaches at the time of arrest, and exists for identification confrontations occurring after arrest, except prompt on-the-scene confrontations. *Commonwealth v. Richman, supra.* In promulgating the *Richman* rule, the majority of our Supreme Court specifically rejected an exception to the right of counsel for all prompt confrontations regardless of location, and acknowledged an exception only for prompt on-the-scene confrontations. *Id.,* 458 Pa. at 174 n. 5, 187–88, 320 A.2d at 354 n. 5,

358. In subsequently applying this exception, our courts have consistently noted that shortness of time between the crime and the confrontation is the paramount consideration, *e.g., Commonwealth v. Aaron,* 255 Pa.Superior Ct. 289, 386 A.2d 1006 (1979), and have been fairly expansive in construing "on-the-scene," *Commonwealth v. Allen,* 287 Pa.Superior Ct. 88, 429 A.2d 1113 (1981) (block from scene, suspects handcuffed in police van); *Commonwealth v. Williams,* 271 Pa.Superior Ct. 114, 412 A.2d 601 (1979) (hospital); *Commonwealth v. Aaron, supra* (hospital); *Commonwealth v. Dickerson,* 226 Pa.Superior Ct. 425, 313 A.2d 337 (1973) (at scene, suspect handcuffed in police van). However, our courts have retained the on-the-scene requirement, and have not held a police station confrontation to fall within it. We cannot agree with the Commonwealth's contention that there is no difference in suggestiveness between presenting a suspect handcuffed in a police van and presenting him at the police station. That the police have thought enough of the suspect to bring him to the station bears upon the witness's mind. It suggests the police are no longer searching but are satisfied they have found the criminal. In going to the police station, the witness also invests additional time and efforts to cooperate with the police and upon arriving there encounters many potential, though perhaps unintentional, suggestive influences in the police-controlled setting that do not exist even in police company at a hospital or on the street. Moreover, in a police station confrontation, the "countervailing policy considerations," *Russell v. United States,* 408 F.2d 1280 (D.C. Cir.1969)—such as ensuring more prompt thus more reliable identifications, facilitating release of the innocent, and enabling police to more quickly resume pursuit of the guilty or terminate investigation so as to reduce further intrusions upon privacy—do not so readily outweigh the benefits of honoring the accused's right to counsel as they do in an on-the-scene identification. Because the right to counsel is subject to the accused's waiver, honoring it by appropriate warnings need not result in the delay required to obtain an attorney. *See Commonwealth v. Riley,* 284 Pa.Superior

Ct. 280, 425 A.2d 813 (1981) (valid waiver of counsel at lineup). If the accused chooses counsel on the other hand, obtaining such assistance at the police station, because of the station's fixed location and communication and other facilities, would normally cause less delay and interference than doing so at various possible crime scenes. Finally, although exceptional circumstances of weather, place of apprehension, or a witness's conduct in reporting might sometimes influence the determination, generally, if a confrontationn can be delayed long enough to bring the witness and the suspect to the police station, it can safely be delayed the small additional time needed to obtain counsel. The circumstances here, in which appellant crossed precinct lines in a dense urban neighborhood, may have made the police station seem the natural place for a confrontation, but they were not so exceptional as to require a confrontation without counsel. Accordingly, because the post-arrest station house confrontations were conducted in violation of appellant's right to counsel, the resulting out-of-court identifications should have been suppressed. We therefore reverse the judgment of sentence and remand for proceedings consistent with this opinion.*

Reversed and remanded.

McEWEN, J., files a concurring opinion.

McEWEN, Judge, concurring:

I concur in the result. It is certainly clearly established that counsel must be present at any identification procedure after an arrest so as to ensure the elimination of suggestiveness from such procedures; and, it is just as clearly established that there must be exceptions to the rule, as, for example, when the confrontation is prompt and on-the-scene. The majority opinion of our distinguished colleague, Judge J. Sydney Hoffman, provides a fine exposition of the

* Because of our disposition of this case we need not address appellant's remaining contentions that the out-of-court confrontation irreparably tainted the in-court identifications and that the suppression judge should have recused himself from conducting the adjudication hearing.

issues attendant to this question. It seems, however, that while the majority opinion observes that "our courts ... have been fairly expansive in construing 'on-the-scene'" (*See* p. 59), the majority opines that a prompt on-the-scene identification procedure is the only exception to the rule that counsel must be present for any confrontation procedure. It is that specific holding that causes me to be hesitant to join in the majority opinion since, while the courts seem to employ the term "prompt on-the-scene confrontation" to define the exception, the decisions construing that exception have not, as the foregoing excerpt from the majority opinion notes, been so narrowly restrictive. I simply am hesitant to apply so limited a label to the exception. The fact remains, however, that the facts of this case do not present such circumstances as to invoke the exception and, therefore, I concur in the result.