J-S01033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MELVIN STILLS | |
| Appellant | No. 2539 EDA 2014 |

Appeal from the Judgment of Sentence August 7, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004532-2013

BEFORE: GANTMAN, P.J., MUNDY, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JANUARY 06, 2016**

Appellant, Melvin Stills, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions for three counts each of robbery, terroristic threats, and theft by unlawful taking or disposition, and one count each of criminal conspiracy, firearms not to be carried without a license, carrying firearms on public streets or public property in Philadelphia, and persons not to possess firearms.[1] We affirm.

In its opinion, the trial court fully sets forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them. We clarify only that on August 7, 2014, the court sentenced Appellant

_____

[1] 18 Pa.C.S.A. §§ 3701; 2706; 3921; 903; 6106; 6108; 6105, respectively.

to an aggregate term of fifteen (15) to thirty (30) years' imprisonment, plus twelve (12) years' probation.[2]

Appellant raises two issues for our review:

> WHETHER THE EVIDENCE WAS SUFFICIENT TO CONVICT APPELLANT OF THREE COUNTS OF ROBBERY (F1), CONSPIRACY AND RELATED CHARGES WHEN THE COMMONWEALTH FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT THERE WAS A THREAT OF SERIOUS BODILY INJURY AND/OR ANY SERIOUS INJURY TO ANY OF THE VICTIMS?
>
> WHETHER THE EVIDENCE WAS SUFFICIENT TO CONVICT APPELLANT OF THREE COUNTS OF ROBBERY, CONSPIRACY AND RELATED CHARGES SINCE THE COMMONWEALTH FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT WAS THE ONE WHO COMMITTED THE ROBBERIES?

(Appellant's Brief at 4).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Diana L. Anhalt, we conclude Appellant's issues merit no relief. The trial court's opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed May 1, 2015, at 4-9 (un-paginated)) (finding: **(1)** Victims Mr. Jackson and Ms. Sowell testified that Appellant pointed gun at third victim, Mr. Hargrove, and took Mr. Hargrove's

---

[2] In addition to the crimes listed on the first page of the trial court's opinion, the court also convicted Appellant of three counts each of terroristic threats and theft by unlawful taking or disposition. Further, the events which gave rise to Appellant's convictions took place on January 29, 2013.

cell phone; then, Appellant pointed gun at Mr. Jackson and Ms. Sowell and threatened to shoot them; evidence was sufficient to sustain Appellant's robbery convictions related to all three Victims,[3] where Appellant threatened Mr. Jackson and Ms. Sowell during course of theft and intentionally put all Victims in fear of serious bodily injury;[4] **(2)**[5] five minutes after robbery, Ms. Sowell and Mr. Jackson positively identified Appellant as man who robbed them; Ms. Sowell and Mr. Jackson testified at trial they were certain Appellant was perpetrator; Mr. Jackson testified that Appellant was very close to him during encounter and wore nothing to cover his face; Victims also testified Appellant was riding distinct bike; police spotted Appellant riding bike matching unique description moments after receiving call that robbery was in progress; police also recovered gun Appellant had discarded that matched Ms. Sowell's description of gun used; Commonwealth

_____

[3] Appellant's cohort searched Mr. Jackson and Ms. Sowell but took no property from those victims.

[4] We decline Appellant's invitation to "reconsider the robbery statute" to hold that certain gunpoint robberies can constitute second-degree felonies instead of first-degree felonies. Appellant concedes he lacks any legal authority to support his position.

[5] Notwithstanding his statement of questions presented, Appellant challenges only the sufficiency of the evidence to sustain his robbery convictions. Appellant makes no argument whatsoever in support of his second issue on appeal. Thus, Appellant has abandoned issue two. Moreover, even if Appellant had properly preserved his second issue, we would affirm on the basis of the trial court's opinion.

presented sufficient evidence to prove Appellant was perpetrator).[6]

Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/6/2016

_____

[6] On page three of the court's opinion, the court states: "Officer Rosenbaum noticed a bulge on Appellant's ride hip area." No doubt the court meant **right** hip area.



**FILED**

**IN THE COURT OF COMMON PLEAS**
**FOR THE COUNTY OF PHILADELPHIA**
**CRIMINAL DIVISION TRIAL**

MAY 0 1 2015

Criminal Appeals Unit
First Judicial District of PA

|                                |   |                                  |
|--------------------------------|---|----------------------------------|
| **COMMONWEALTH**               | : | **NO.: CP-51-CR-0004530-2013**   |
| **OF PENNSYLVANIA**            | : | **: CP-51-CR-0004532-2013**      |
|                                | : |                                  |
| **v.**                         | : | **Superior Court No.:**          |
|                                | : | **2539 EDA 2014**                |
| **MELVIN STILLS**              | : |                                  |

CP-51-CR-0004532-2013 Comm. v. Stills, Melvin
Opinion

**OPINION**

7288973461

**ANHALT, J.**

Appellant in the above-captioned matter appeals the trial court's judgment regarding Appellant's convictions for Robbery, a felony in the first degree (F1). The trial court submits the following Opinion in accordance with the requirements of Pa.R.A.P. 1925(a). For the reasons set forth herein, the trial court holds that the judgment should be affirmed.

## PROCEDURAL HISTORY

On January 29, 2013, police arrested and charged Appellant, Melvin Stills, with three counts of Robbery, (F1), Conspiracy (F1), and several Violations of the Uniform Firearms Act (VUFA). On May 30, 2014, Appellant waived his right to a jury and proceeded to a bench trial before the trial court. On that date, the trial court found Appellant guilty of three counts of Robbery, (F1), Conspiracy (F1), and VUFA §6105 (F2), §6106 (F3) and §6108 (M1).

On August 7, 2014, the trial court sentenced Appellant to ten to twenty years of state custody on each charge of Robbery and Conspiracy, five to ten years state consecutive for VUFA §6105, seven years consecutive state probation for VUFA §6106, and five years consecutive state probation for VUFA §6108.



Appellant filed this timely appeal of the trial court decision on August 29, 2014. Appellant filed a 1925(b) statement on September 23, 2014. Appellant argues that the evidence was insufficient to sustain his conviction for Robbery because the Commonwealth failed to prove there was a threat of serious bodily injury to any of the victims. Appellant also argues that the evidence was insufficient to sustain his convictions for three counts of Robbery (F1) because the Commonwealth failed to meet its burden and prove that Appellant was the one who committed the Robberies.

## FACTUAL HISTORY

On January 29, 2013 Appellant robbed Tahir Jackson, Dereka Sowell, and James Hargrove at gun point at the intersection of Fairhill St. and W. Fisher Ave. in Philadelphia, Pennsylvania. (N.T., 5/30/14, pp. 11-12, 45). While walking to the Rite Aid, Mr. Jackson observed two men on bikes coming towards him. (N.T., 5/30/14, p. 13). Mr. Jackson testified that one man was tall, wearing a black jacket and a red hoodie riding a black and silver Mongoose bike. (N.T., 5/30/14, p. 32). The other man was shorter, wearing a black hoodie with a black jacket and riding a pink and purple little girl's bike. (N.T., 5/30/14, pp. 32, 34). Mr. Jackson identified the shorter male on the pink and purple bike as Appellant. (N.T., 5/30/14, p. 34). As the two men approached, Appellant jumped off the bike, pulled out a gun, and pointed it at Mr. Hargrove while the other man choked Mr. Jackson from behind. (N.T., 5/30/14, p. 13-14). Ms. Sowell also testified that Appellant was the one with the gun and the other man choked Mr. Jackson from behind. (N.T., 5/30/14, p. 45). Mr. Jackson was six to eight feet away from Mr. Hargrove as the Appellant held a gun on him. (N.T., 5/30/14, p. 15).

Mr. Jackson testified that Appellant told Mr. Hargrove "whatever you got in your pocket, give it up." (N.T., 5/30/14, p. 19). Appellant then took Mr. Hargrove's cell phone. (N.T.,

5/30/14, p. 20). Ms. Sowell testified that Appellant pulled a gun on her. (N.T., 5/30/14, p. 46). Appellant threatened Ms. Sowell and said "you need to back up before you get shot." *Id.* The other male then checked Mr. Jackson's pockets and after finding nothing, pushed Mr. Jackson to the ground and grabbed Ms. Sowell. (N.T., 5/30/14, pp. 20-21). When Mr. Jackson tried to get up and defend Ms. Sowell, Appellant pointed the gun at him and said "you don't want to get shot." (N.T., 5/30/14, p. 22). Appellant was standing over Mr. Jackson a few feet away as he held the gun on him. *Id.* Both Mr. Jackson and Ms. Sowell testified that Appellant did not have anything covering his face. (N.T., 5/30/14, pp. 24, 50). After finding no items on Ms. Sowell, Appellant and the other man got back on their bikes and rode off. (N.T., 5/30/14, p. 24).

Mr. Jackson ran to Ms. Sowell's mothers house to call the police who arrived minutes later. (N.T., 5/30/14, p. 25-26). Police Officer Rosenbaum testified that while surveying the area for a Robbery in progress, he observed Appellant riding a pink and purple child's bike along with another male. (N.T., 5/30/14, p. 58, 61). Officer Rosenbaum noticed a bulge on Appellant's ride hip area. Id. When the officer attempted to stop them, they both fled. (N.T., 5/30/14, p. 58). During the chase, Officer Rosenbaum observed Appellant discard a firearm from his right hip area, the same area he saw the bulge. (N.T., 5/30/14, pp. 59-60).

Mr. Jackson and Ms. Sowell both testified that Appellant robbed them at gun point. (N.T., 5/30/14, pp. 29, 55-56). Ms. Sowell testified that the gun used by Appellant was all black and resembled a gun that police carry. (N.T., 5/30/14, pp. 45-46). Officer Rosenbaum testified that Appellant discarded a firearm that he later recovered. (N.T., 5/30/14, pp. 58-59). The gun was a black Beretta handgun. *Id.*

**DISCUSSION**

Appellant argues that the evidence was insufficient to sustain his conviction for Robbery because the Commonwealth failed to prove there was a threat of serious bodily injury to any of the victims. Appellant also argues that the evidence was insufficient to sustain his conviction for Robbery because the Commonwealth failed to prove that Appellant was the one who committed the Robberies.

In evaluating a challenge to the sufficiency of the evidence, the reviewing court must determine, whether viewing all the evidence in a light most favorable to the Commonwealth, the trier of fact could have found that each element of the offense charges was proved beyond a reasonable doubt. *Commw. v. Lee*, 956 A.2d 1024, 1027 (Pa. Super Ct. 2008). This standard applies whether the evidence presented is circumstantial or direct, provided the evidence links the accused to the crime beyond a reasonable doubt. *Commw. v. Morales*, 669 A.2d 1003, 1005 (Pa. Super. Ct. 1996). "Unless the evidence presented at trial is 'so weak and inconclusive that as a matter of law, no probability of fact can be drawn from the combined circumstances,' the verdict should not be disturbed on appeal." *Lee*, at 1027-28 (quoting *Commw v. Davis*, 799 A.2d 860, 866 (Pa. Super. Ct. 2002)).

A person is guilty of Robbery, a felony in the first degree, if in the course of committing a theft, he "threatens another with or intentionally puts him in fear of immediate serious bodily injury." 18 Pa.C.S.A. §3701(a)(1)(ii). The evidence is sufficient to convict a defendant of Robbery under this section if the evidence demonstrates aggressive actions that threatened the victim's safety. *Commw v. Hansley*, 24 A.3d 410, 416 (Pa. Super. Ct. 2011); *Commw. v. Jannett*, 58 A.3d 818, 821-22 (Pa. Super. Ct. 2012); *Commw. v. Valentine*, 101 A.3d 801, 807 (Pa. Super. Ct. 2014). For the purposes of §3701(a)(1)(ii), the court must focus on the nature of the threat

posed by the assailant and whether he reasonably placed a victim in fear of immediate serious bodily injury. *Hansley*, 24 A.3d at 416; *Jannett*, 58 A.3d at 821-22.

Appellant's actions in pointing a gun and threatening a victim were sufficient evidence to convict appellant of Robbery. *Commw. v. Valentine,* 101 A.3d 801 (Pa. Super. Ct. 2014). In *Valentine*, Ms. Gibbs was waiting for a bus when appellant approached her from behind with a gun. *Id.* at 804. Appellant point a handgun at Ms. Gibbs, threatened to shoot her, demanded money, and took her purse and phone. *Id.* Appellant was arrested and charged with Robbery. *Id.* At trial, a jury found appellant guilty of Robbery and appellant appealed. *Id.*. The court upheld the conviction finding the evidence was sufficient to convict appellant of Robbery. *Id.* at 807. The court determined that appellant's actions in pointing a gun at Ms. Gibbs and threatening to shoot her would have placed a reasonable person in fear of serious bodily. *Id.*

In the present case, the evidence presented at trial was sufficient to establish that Appellant placed Mr. Jackson and Ms. Sowell in fear of serious bodily injury. Appellant pointed a gun at Ms. Sowell and said, "You need to back up before you get shot." (N.T., 5/30/14, p. 46). Appellant also pointed a gun at Mr. Jackson and said, "You don't want to get shot." (N.T., 5/30/14, p. 22). Appellant's actions of pointing a gun and threatening Mr. Jackson and Ms. Sowell reasonably put them in fear of serious bodily injury. *Valentine*, 101 A.3d at 804.

Terrorizing multiple people during the course of committing one theft is sufficient to support Robbery convictions for each of those persons. *Commw. v. Gilliard,* 850 A.2d 1273, 1275 (Pa. Super. Ct. 2004). In *Gilliard,* a defendant appealed a conviction of five counts of robbery alleging the evidence was insufficient because he only committed one theft. *Id.* at 1275. The Pennsylvania Superior Court held that the defendant threatened to inflict serious bodily injury on all four patrons when he pointed a gun at them and forced them to the back room. *Id.*

at 1276-1277. The evidence was sufficient to support defendant's convictions because the defendants' actions were sufficiently threatening to all of the patrons at the bar and placed them in fear of serious bodily injury. *Id.*

Appellant's single theft is sufficient to support three convictions for Robbery. Like in *Gilliard*, the Appellant here threatened multiple people although he committed only a single theft. 850 A.2d at 1276. Both Mr. Jackson and Ms. Sowell testified that Appellant pointed a gun at Mr. Hargrove and took his cell phone. (N.T., 5/30/14, pp. 13, 46). Afterwards, Appellant pointed the gun at Mr. Jackson and Ms. Sowell and threatened them. *Id.* The evidence is sufficient to convict Appellant of three counts of Robbery because Appellant intentionally put Mr. Jackson, Ms. Sowell, and Mr. Hargrove in fear of serious bodily injury when he pointed a gun at them and threatened them.

Appellant also contends that the evidence was insufficient to sustain his conviction for Robbery because the Commonwealth failed to prove that Appellant was the one who committed the robberies. Evidence of identification need not be positive and certain to sustain a conviction. *Commw. v. Orr,* 38 A.3d 868, 874 (Pa. Super. Ct. 2011). Identification evidence, which is solely based on similar height, coloration, and clothing, is not enough to convict a defendant as the perpetrator of a crime. *Commw. v. Crews,* 436 Pa. 346 (1970). Although common items of clothing and general physical characteristics are usually insufficient to support a conviction, such evidence can be used as other circumstances to establish the identity of a perpetrator. *Orr,* 38 A.3d at 874. Any indefiniteness and uncertainty in identification testimony goes to weight. *Id.* Circumstantial evidence alone is sufficient to convict a person; direct evidence is not absolutely needed. *Commw. v. Smith,* 283 Pa. Super 360, 423 A.2d 1296 (1981).

Appellant's contention that the Commonwealth failed to prove that Appellant committed the robberies is without merit. In assessing whether the totality of the circumstances supports an independent basis for identification of a defendant as perpetrator, the following factors are to be considered:

> ...the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation.

*Commw. v. Edwards*, 762 A.2d 382, 391 (Pa. Super. Ct. 2000). The most important factor is the opportunity of the witness to view the suspect at the time of the crime. *Id.* Five minutes after the Robbery occurred, both Ms. Sowell and Mr. Jackson positively identified Appellant as the guy who robbed them. (N.T., 5/30/14, pp. 28-29, 39, 49). At trial, both victims testified that they were certain that Appellant was the guy who robbed them. (N.T., 5/30/14, pp. 13-14, 46-47). Mr. Jackson testified that he was about six to eight feet away from Appellant during the initial encounter. (N.T., 5/30/14, p. 15). Mr. Jackson also testified that when Appellant approached him with the gun, he was standing right over him. (N.T., 5/30/14, p. 24) Mr. Jackson could see Appellant entire face because Appellant did not have anything covering his face. (N.T., 5/30/14, pp. 24, 33, 35).

The Commonwealth also presented evidence of a distinct bike that Appellant was identified as riding. Testimony by Mr. Jackson and Ms. Sowell indicates that Appellant was riding a purple and pink child's bike. (N.T., 5/30/14, pp. 32, 34, 53). Additionally, Officer Rosenbaum spotted the Appellant riding a pink and purple child's bike moments after receiving a call for Robbery in progress. (N.T., 5/30/14, pp. 58, 61). Lastly, the Commonwealth presented evidence of a gun that was used during the Robbery. Ms. Sowell testified that the gun used by Appellant was all black and resembled a gun that police carry. (N.T., 5/30/14, pp. 45-46).

Officer Rosenbaum testified that he observed Appellant discard a firearm in the alley during his chase. (N.T., 5/30/14, pp. 58-59). That gun was recovered and identified as a black Beretta handgun. *Id.*

Mr. Jackson's testimony that Appellant had on a black hoodie when Appellant was arrested wearing a white hoodie is not dispositive but simply goes to weight. *Orr*, 38 A.3d at 874. The Robbery took place at night when it was dark outside. (N.T., 5/30/14, p. 31).

The Commonwealth has presented enough evidence to prove beyond a reasonable doubt that Appellant committed these crimes. *Crews*, 436 Pa. at 349; *Edwards*, 762 A.2d at 391; *Orr*, 38 A.3d at 874. The Commonwealth presented evidence in the form of testimony of two victims of the Robbery who gave identical accounts about what happened on January 14, 2013. (N.T., 5/30/14, pp. 13, 20, 45, 48). Both victims testified that Appellant took Mr. Hargrove's cell phone and held them at gun point. (N.T., 5/30/14, pp. 37, 52). Additionally, both victims and Police Officer Rosenbaum testified that Appellant was riding a pink and purple child's bike. (N.T., 5/30/14, pp. 32, 34, 53, 58, 61). The combination of the evidence presented by the Commonwealth is sufficiently reliable to convict Appellant.

Therefore, there is sufficient evidence to convict Appellant of Robbery, a felony in the first degree (F1).

## CONCLUSION

For the foregoing reasons, Appellant's three convictions for Robbery (F1) should be affirmed.

BY THE COURT:

*Diana L. Anhalt*

DIANA ANHALT, J.

April 29, 2015

## PROOF OF SERVICE

I hereby certify that on the date set forth below, I caused an original copy

of the Judicial Opinion to be served upon the persons at the following locations, which

service satisfies the requirements of Pa. R.A.P. 122:

Douglas N. Stern, Esquire
1420 Walnut Street, Suite 1201
Philadelphia, PA 19102

Hugh Burns, Esquire
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107

Date: 4/29/15

By Diana L. Anhalt
       Diana Anhalt, Judge