J-A02012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STEVEN GLENN AHNER | : | |
| | : | |
| Appellant | : | No. 547 MDA 2018 |

Appeal from the Judgment of Sentence November 2, 2017
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0001510-2017

BEFORE:  LAZARUS, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY LAZARUS, J.:          **FILED: MARCH 25, 2019**

Steven Glenn Ahner appeals from the judgment of sentence, entered in the Court of Common Pleas of Berks County, following his convictions for robbery,[1] burglary,[2] terroristic threats,[3] possession of instruments of crime ("PIC")[4] and related convictions.[5]  On appeal, Ahner challenges the sufficiency of the evidence, the weight of the evidence, the jury's application of the

---

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[2] 18 Pa.C.S.A. § 3502(a)(1)(i).

[3] 18 Pa.C.S.A. § 2706(a)(1).

[4] 18 Pa.C.S.A. § 907(a).

[5] The following convictions merged for purposes of sentencing:  criminal trespass, theft by unlawful taking, recklessly endangering another person ("REAP"), simple assault, and harassment.

reasonable doubt standard, and the discretionary aspects of his sentence. After careful review, we affirm.

At approximately 10:00 p.m. on February 4, 2017, Debra Seip answered her front door. She was confronted by an unknown man, clad in black and carrying a gun. The intruder forced Seip to call for her granddaughter, Amber Smith, who came down from the second floor. Smith saw the intruder next to her grandmother wearing head-to-toe dark clothing, with his face concealed by a bandana and a beanie-style hat, holding a revolver in a gloved hand. When the intruder demanded money, Seip stalled, faking an asthma attack so she could relocate to a chair near a phone the intruder had not noticed. Seip then argued with the intruder over his demands, ultimately turning over approximately $200 in a bank envelope. Unsatisfied, the intruder made clear he knew Seip had considerably more money upstairs in a safe. Seip, in fact, had inherited a sizeable sum from her mother and kept it upstairs in a hotel safe. Smith led the intruder upstairs to the middle bedroom, where he opened the closet, found two safes—one containing cash, and the other, financial documents—and took both.

The moment Smith and the intruder reached the second floor, Seip surreptitiously called 911. Meanwhile, the intruder spent five to ten minutes trying to locate keys for the safes before giving up and taking the safes themselves. Smith's two small dogs further delayed the intruder when he came back downstairs by jumping on him until he dropped the safes. After

- 2 -

collecting the safes, he exited the front door, followed closely by Seip. Owing to Seip's quick action and the intruder's delays, the police arrived as the intruder exited the house. From the front of her house, Seip indicated to Officer Thenard Caraballo that the intruder ran towards Centre Street, a dimly lit, nearby alley. Officer Caraballo observed a man walking briskly into the darkened portion of Centre Street, chased the suspect down, and ordered him to the ground. Officer Caraballo's partner quickly arrived on the scene, handcuffed the suspect, searched his person, and recovered a BB gun. The officers located the stolen safes under a car approximately 60 feet from where the suspect was handcuffed. The suspect, later identified as Ahner, was apprehended with $240 on his person, and wearing a black hooded zip-up jacket, grey slacks, black sneakers, white batting gloves, a black beanie, and a bandana around his neck. There were no other individuals on the street when Ahner was apprehended. The next morning the police recovered a loaded revolver, fitting the description provided by the victims, approximately five feet from where Ahner was arrested, but failed to locate the bank envelope.

On September 27, 2017, following a trial presided over by the Honorable Patrick T. Barrett, the jury convicted Ahner of robbery (two counts), burglary, criminal trespass, theft by unlawful taking, terroristic threats, simple assault, REAP, and PIC. The court also found Ahner guilty of the summary offense of harassment. On November 2, 2017, Judge Barrett sentenced Ahner to an

aggregate term of 10 to 30 years' imprisonment with 5 years' probation running concurrently to his sentence of incarceration.[6] Ahner filed post-sentence motions, which the court denied. He subsequently filed a timely notice of appeal[7] and a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Ahner raises the following issues for our review:

1) Whether [the] Commonwealth presented sufficient evidence to identify [Ahner] as the perpetrator beyond a reasonable doubt.

2) Whether the trial court abused its discretion when it permitted guilty verdicts that were against the weight of the evidence, particularly verdicts that were wholly reliant on circumstantial, inconsistent, vacuous evidence.

3) Whether [Ahner] received a fair and constitutional trial when the jury displayed reasonable doubt, but then issued guilty verdicts despite harboring such doubts.

4) Whether the trial court's sentence of an aggregate ten (10) to thirty (30) years['] incarceration with probation was manifestly

---

[6] Ahner's sentence is broken down as follows: 4 to 10 years' imprisonment for the first count of robbery, with 271 days' credit for time served; 4 to 10 years' imprisonment for the second count of robbery to run consecutively to the first; 2 to 10 years' imprisonment for burglary to run consecutively to the second robbery conviction; 5 years' probation for terroristic threats and PIC, both set to run concurrently to his sentence of incarceration. Ahner's remaining convictions merged for purposes of sentencing.

[7] The clerk of courts initially failed to serve upon Ahner or his attorney Judge Barrett's February 2, 2018 order denying Ahner's post-sentence motion or enter the order on the docket. On March 5, 2018, the court became aware the order had not been served. On March 6, the clerk of courts entered the order and served it pursuant to Pa.R.Crim.P. 114, making Ahner's March 27, 2018 notice of appeal timely filed. *See* Pa.R.A.P. 108 (computing time period under Pennsylvania Rules of Appellate Procedure from date clerk of courts serves notice to parties).

unjust and unreasonable, considering [Ahner] had no prior criminal record, was a functional member of society, and was a struggling addict.

Brief of Appellant, at 14–15.

Appellant attacks the sufficiency of the evidence underpinning his convictions on identical grounds, alleging the Commonwealth presented insufficient evidence to identify him, beyond a reasonable doubt, as the intruder who entered Seip's home.

> We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact— while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder.

*Commonwealth v. Strafford*, 194 A.3d 168, 174 (Pa. Super. 2018) (citations and quotations omitted).

In addition to furnishing the finder of fact with sufficient evidence to prove every element of each crime beyond a reasonable doubt, the Commonwealth is obligated to establish, beyond a reasonable doubt, the identity of the defendant as the individual who perpetrated the crimes. *Id.* Although challenges to identity generally speak to the weight of the evidence, a narrow class of claims give rise to a valid sufficiency challenge. *Commonwealth v. Orr*, 38 A.3d 868, 874 (Pa. Super. 2011) (en banc). A conviction rests on insufficient evidence if the defendant was identified as the

perpetrator solely based on common items of clothing or general physical characteristics. **See Commonwealth v. Crews**, 260 A.2d 771, 771–72 (Pa. 1970) (overturning conviction where only evidence tying appellant to crime was description of perpetrator's complexion and gold-colored sweater). However, clothing and physical characteristics can be used in tandem with other circumstances to validly establish the identity of a perpetrator. **See Orr**, 38 A.3d at 874–75 (finding combination of circumstantial factors sufficient to identify appellant as perpetrator). In the presence of additional evidentiary circumstances, "any indefiniteness and uncertainty in the identification testimony goes to its weight." **Id.** at 874 (citation omitted).

Ahner contends there was insufficient evidence to identify him as the perpetrator beyond a reasonable doubt because the victims' descriptions were too generalized to identify anyone in particular as the perpetrator without

further corroborating evidence.[8]  Though his argument is cognizable as a sufficiency claim, Ahner is due no relief.[9]  *Id.*

The Commonwealth presented the following evidence at trial:  (1) Seip's description of the intruder as wearing dark clothing covering his face except for his eyes and holding a revolver, to whom she turned over approximately $200, N.T. Trial, 9/25/17, at 42–46; (2) Smith's description of the intruder as an unknown individual wearing a dark beanie and bandana on his head, a dark hooded sweatshirt, dark jeans, white and black gloves on his hands, and carrying a revolver, *id.* at 90–95; (3) Seip's testimony that she "immediately followed [the intruder] out the door" watched him turn onto Centre Street, and saw the police were already there, *id.* at 49-50; (4) Officer Caraballo's testimony that Seip directed him to Centre Street, where he apprehended

---

[8] Ahner also offers the following to distinguish himself from the perpetrator of the crime: (1) the Commonwealth failed to confirm Ahner's identity as the perpetrator through a "voice line-up;" (2) the victims failed to visually identify Ahner as the perpetrator; (3) Ahner's proximity to the crime scene was insufficient to implicate him in the crimes; and (4) the Commonwealth offered no evidence to explain how Ahner knew of the existence of Seip's safes or their contents.  Brief of Appellant, at 35–43.  None of these arguments is properly developed; therefore, all are waived.  *See Commonwealth v. Murchinson*, 899 A.2d 1159, 1160 (Pa. Super. 2006) (finding appellant's claims waived under Pa.R.A.P. 2119(a) because of failure to develop meaningful argument with specific references to relevant case law).

[9] Though *most* challenges to identity speak to the weight of the evidence, the trial court incorrectly contended *all* such challenges do so, and consequently, failed to evaluate the validity of Ahner's sufficiency challenge.  *See* Pa.R.A.P. 1925(a) Opinion, at 3; *and Orr*, 38 A.3d at 874–75.

Ahner, the only individual on Centre Street, and found the stolen safes nearby, N.T. Trial, 9/26/17, at 187–90; and (5) Detective Jones' testimony detailing Ahner's clothing at the time of arrest as a black, hooded, zip-up jacket, white batting gloves, gray slacks, black sneakers, a black beanie, and a bandana around his neck, stating Ahner had $240 on his person, and attesting to subsequently locating a revolver five feet from where Ahner was apprehended, *id.*, at 278–79, 303, 310.

Taken together, this evidence offers an unbroken chain linking Ahner to the crimes committed. Notwithstanding the absence of either victim identifying Ahner as the perpetrator at trial, our review of the entire record, with due consideration accorded to the circumstantial evidence in the light most favorable to the Commonwealth, confirms there was sufficient evidence to sustain Ahner's convictions. **Compare Crews**, **supra** (holding evidence insufficient to convict appellant where only identification evidence linking appellant to crime was description of perpetrator as black male with light complexion wearing gold sweater in light of number of people who fit that general physical description and common nature of gold sweater) **with Orr**, 38 A.3d at 874 (finding evidence sufficient where police stopped individual matching victim's description of perpetrator as having "a red beard, light complexion, and wearing a camouflage-patterned hooded jacket and grey pants" within five blocks of the crime scene and twenty-five minutes of crime, in location consistent with where victim saw perpetrator flee after robbery).

Next, Ahner avers the verdict rendered was against the weight of the evidence. Specifically, he contends the Commonwealth failed to explain Ahner's familiarity with the specifics of the victims' home, discrepancies between the victims' testimony and Ahner's appearance, the delay in locating the revolver, the absence of Seip's bank envelope, or the location from which the stolen safes were recovered in contrast to with where Ahner was apprehended. Again, Ahner is due no relief.

When challenging the weight of the evidence, relief in the form of a new trial may be granted only where the verdict shocks one's sense of justice. ***Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003). Where the trial court has ruled on a weight claim, our review is limited to determining whether the trial court "palpably abused its discretion in ruling on the weight claim." ***Id.*** It is not our role, as a reviewing court, to reweigh the evidence and substitute our judgment for that of the fact-finder. ***Commonwealth v. Mitchell***, 902 A.2d 430, 449 (Pa. 2006).

The trial court considered Ahner's weight of the evidence claim in his post-sentence motion and concluded it lacked merit. Pa.R.A.P 1925(a) Opinion, 7/20/18, at 5–8. Here, the jury determined Ahner—who was apprehended only feet from the scene of the crime, wearing distinctive clothing disguising his appearance from head to toe—robbed Seip and Smith. ***See Commonwealth v. Hargrave***, 745 A.2d 20, 22 (Pa. Super. 2000) ("it is within the province of the fact-finder to . . . believe all, part, or none of the

- 9 -

evidence."). It was purely within the jury's discretion to find the Commonwealth's evidence credible and we will not disturb the verdict on appeal. In concluding Ahner's guilty verdicts failed to shock one's sense of justice, the trial court did not abuse its discretion.

Next, Ahner claims the jury convicted him despite expressing doubt as to his guilt, arguing "the jury misinterpreted and misapplied the legal standard of reasonable doubt." Brief of Appellant, at 56. He is due no relief.

Ahner supports his argument by pointing to the jury's questions asking the court to "explain . . . the degree of circumstantial evidence that can constitute guilt" and "how you measure reasonable doubt." N.T. Trial, 9/27/17, at 453, 456. Ostensibly, according to Ahner, these questions evinced the jury's doubt as to his guilt.

This assertion, however, is not borne out by the facts or the law. Judge Barrett responded to the jury's questions by defining both circumstantial evidence and reasonable doubt in substantially similar terms to those provided by the Pennsylvania Suggested Standard Jury Instructions. *See id.* at 455–58; *see also* Pa.S.S.J.I. (Crim.) §§ 7.01, 7.02A (providing, respectively, standard jury instructions for reasonable doubt and circumstantial evidence). The jury indicated it found Judge Barrett's instructions helpful. N.T. Trial, 9/27/17, at 458 ("The Court: Help? The Foreman: Yes."). Under the law, the jury is presumed to follow the instructions of the court. *Commonwealth v. Spotz*, 896 A.2d 1191, 1224 (Pa. 2006); *see also Commonwealth v.*

*O'Hannon*, 723 A.2d 1193, 1196 (Pa. 1999) ("Absent evidence to the contrary, the jury is presumed to have followed the trial court's instructions."). Nothing in the trial court's conduct served to jeopardize the proper legal foundation upon which Ahner's convictions rest.

In his final argument, Ahner contends the trial court failed to appropriately consider mitigating factors when imposing consecutive sentences—a claim that challenges the discretionary aspects of sentencing. *Commonwealth v. Rhoades*, 8 A.3d 912, 918–19 (Pa. Super. 2010). Unlike a challenge to the legality of sentence, there is no absolute right to appellate review of the discretionary aspects of sentencing. Rather, a party who desires to raise such matters must, *inter alia*, petition this Court for permission to appeal and demonstrate that there is a substantial question as to whether the sentence is appropriate. 42 Pa.C.S.A. § 9781(b). To fulfill this requirement, the party seeking to appeal must "set forth in a separate section of [his or her] brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspect of sentence." Pa.R.A.P. 2119(f). The statement "shall immediately precede the argument on the merits." *Id.*

Instantly, Ahner has failed to comply with Rule 2119(f) by not including any statement setting forth the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. While the omission of a Rule 2119(f) statement does not automatically preclude review of his

claim, where, as here, the Commonwealth objects to its omission, "we may not reach the merits of [the] claim[.]" **Commonwealth v. Hudson**, 820 A.2d 721 (Pa. Super. 2003), citing **Commonwealth v. Farmer**, 758 A.2d 173 (Pa. Super. 2000). Accordingly, we find Ahner's claim waived. **Id.**

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/25/2019