**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HOWARD LEE CAMPBELL | : | |
| | : | |
| Appellant | : | No. 1003 MDA 2022 |

Appeal from the Judgment of Sentence Entered March 14, 2022,
in the Court of Common Pleas of York County,
Criminal Division at No(s):  CP-67-CR-0002424-2020.

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: MAY 12, 2023**

Howard Lee Campbell appeals from the judgment of sentence entered following his conviction for possessing fentanyl with the intent to deliver.[1]  He challenges the sufficiency and weight of the evidence.  We affirm.

The trial court summarized the evidence surrounding the controlled drug purchase operation that gave rise to the case against Campbell:

> [I]n February of 2020[, a] confidential informant represented to Detective Cody Myers that they could purchase heroin from an individual located in Baltimore.  The confidential informant could not provide a name of the individual, only a phone number.  The confidential informant then met with Detective Craig Fenstermacher, who directed the informant to broker a deal with the alleged dealer.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

Thereafter, the confidential informant called the known phone number, spoke with a male individual on the other end of the call, and brokered a deal to purchase roughly $1,300.00 in what was believed to be heroin. Arrangements were then made between the parties for the unknown male individual to meet with the confidential informant at a Turkey Hill convenience store in York, Pennsylvania. Due to a miscommunication, the individual first arrived at an incorrect Turkey Hill and required redirection by the confidential informant to the correct Turkey Hill.

At the correct Turkey Hill, Detective[s Fenstermacher, Myers, and Vincent] Monte were set up to surveil the parking lot of the convenience store. During the redirection by the confidential informant, the suspect noted that he would be arriving to the correct Turkey Hill in a gray Nissan. Shortly thereafter, a gray Nissan arrived at the Turkey Hill, drove around the parking lot as if [the driver was] looking for something, and eventually parked by the air pump. At this point, the arrest team moved in to pull the suspect from the vehicle.

The arrest team then searched the car. They found three cell[ ]phones[. Using another phone, they] made a phone call to the number that was used by the confidential informant to set up the buy. One of the three phones found in the car then illuminated in response to the call. In addition to the cell phones, the arrest team also located a bag in the backseat of the car which contained 88 capsules of what appeared to be heroin. The capsules were later tested and proven to be fentanyl.

[Campbell] was then arrested upon completion of the search of his vehicle. [Campbell] was then taken to the police station where he proceeded to give a statement to the police. In his statement, [Campbell] indicated that he was in Baltimore when two people whom he did not really know offered him $250.00 to drive to York City. [Campbell] stated that someone was supposed to give him $1,300.00, and he would then drive the money back to Baltimore. [Campbell] further indicated that he believed that the money probably had something to do with drugs, but not that he was carrying said drugs.

Trial Court Opinion, 9/13/22, at 1–3 (record citations omitted).

Police charged Campbell with possession of fentanyl with intent to deliver under 35 P.S. § 780-113(a)(30). The case proceeded to trial beginning

January 31, 2022. On February 2, 2022, the jury returned a guilty verdict.

On March 14, 2022, the trial court sentenced Campbell to 8 to 16 years of

imprisonment followed by 1 year of probation. Campbell filed a post-sentence

motion for a new trial based on the weight of the evidence. The trial court

heard and denied the motion on June 15, 2022. Campbell timely appealed.[2]

Campbell and the trial court complied with Pennsylvania Rule of Appellate

Procedure 1925.

Campbell presents two issues for our review:

1. Whether the Commonwealth failed to present sufficient evidence to show [Campbell] possessed with the intent to deliver fentanyl, when the evidence failed to show he actually possessed the drugs?

2. Whether the jury's verdict of possession with the intent to deliver a controlled substance was against the weight of the evidence as the verdict shocked one's sense of justice wherein the Commonwealth failed to show that [Campbell] possessed the drugs?

Campbell's Brief at 5.

Campbell first argues that the evidence was insufficient to prove that he

possessed fentanyl. He contends there was insufficient evidence that he knew

that the drugs were in his car. He notes that mere presence at the scene of

a crime is not enough to establish guilt beyond a reasonable doubt. **See**

---

[2] Campbell's trial counsel withdrew after sentencing. Present counsel entered an appearance two days later and received an extension of time to file a post-sentence motion. **See Commonwealth v. Moore**, 978 A.2d 988, 991 (Pa. Super. 2009) (recognizing a trial court's authority to extend the time to file a post-sentence motion). Campbell filed his notice of appeal on July 5, 2022, within 30 days of the denial of his timely post-sentence motion.

*Commonwealth v. Goodman*, 350 A.2d 810, 811 (Pa. 1976). In the same vein, Campbell disputes his identity as the man with whom the confidential informant arranged a drug deal. *See Commonwealth v. Crews*, 260 A.2d 771, 772 (Pa. 1970) (holding a generic description of a perpetrator to be insufficient to prove identity); *Commonwealth v. Orr*, 38 A.3d 868 (Pa. Super. 2011) (*en banc*) (finding circumstantial evidence sufficient to corroborate a victim's initial identification of the perpetrator, despite inability to identify the defendant at trial).

The Commonwealth counters that the evidence of possession was overwhelming. It submits that the totality of the circumstances established that Campbell constructively possessed the drugs that were in his car when he was arrested. *See Commonwealth v. Hopkins*, 67 A.3d 817 (Pa. Super. 2013) (finding sufficient evidence that a car driver constructively possessed a firearm that was within arms-length of where he was seated).

We follow a well-settled standard in reviewing a claim that the evidence was not sufficient to sustain a conviction:

> In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to prove every element of the offense beyond a reasonable doubt. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. Any question of doubt is for the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Smith*, 288 A.3d 126, 131 (Pa. Super. 2022) (quoting *Commonwealth v. Thomas*, 988 A.2d 669, 670 (Pa. Super. 2009)).

Possession with intent to deliver is defined: "The following acts . . . are hereby prohibited: . . . possession with intent to . . . deliver . . . a controlled substance . . . ." 35 P.S. § 780-113(a)(30). To secure a conviction, "the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance and did so with the intent to deliver it." *Commonwealth v. Bricker*, 882 A.2d 1008, 1015 (Pa. Super. 2005) (citing *Commonwealth v. Conaway*, 791 A.2d 359, 362 (Pa. Super. 2002)).

When controlled substances are found not on a defendant's person, the Commonwealth must prove constructive possession. *Id.* "Constructive possession requires proof of the ability to exercise conscious dominion over the substance, the power to control the contraband, and the intent to exercise such control." *Id.* (citing *Commonwealth v. Petteway*, 847 A.2d 713, 716 (Pa. Super. 2004)). The Commonwealth can prove constructive possession based on the totality of the circumstances. *Id.*

Here, the evidence was sufficient to prove that Campbell constructively possessed the fentanyl in his car. When he arrived in York, Campbell was the only occupant of the car. The drugs were within reaching distance of his seat. Although Campbell denied that he knew about the drugs and provided an alternative explanation, the jury was free to reject his narrative and infer that Campbell intended to exercise control over the drugs. Notably, the confidential informant called the same number to talk with the person who

was delivering the drugs, and the person on the other end of the call described the gray Nissan he was driving. Notwithstanding the detective's lack of positive identification, it was reasonable for the jury to infer that the person was Campbell, the same person who had arranged to exchange the purported heroin for $1,300.00 at the Turkey Hill. **See** N.T., 2/1/22, at 155–160. Therefore, the evidence was sufficient to establish that Campbell constructively possessed the drugs in his car.[3]

Campbell next argues that the trial court abused its discretion in denying his post-sentence motion for a new trial because the verdict was against the weight of the evidence. He emphasizes his testimony, consistent with his statements to police, that "Little James" and another man sat in his car and arranged to pay him $250 to collect money from Pennsylvania, that they provided the third cell phone, and that he was unaware that there were drugs in the bag in his car. Campbell submits that the jury overlooked the lack of direct evidence that he was the person who arranged the drug deal with the confidential informant. He concludes that the evidence was so unreliable and contradictory that the guilty verdict was based on conjecture, not reason.

Appellate review of a challenge to the weight of the evidence is subject to the following standard:

---

[3] Campbell's arguments—and our analysis—focus on Campbell's identity as the individual who possessed the fentanyl capsules. The evidence was also sufficient to establish that the drugs were possessed with the intent to deliver. **See** N.T., 2/1/22, at 196–199 (expert testimony of Detective Noel Velez).

The weight given to trial evidence is a choice for the factfinder. If the factfinder returns a guilty verdict, and if a criminal defendant then files a motion for a new trial on the basis that the verdict was against the weight of the evidence, a trial court is not to grant relief unless the verdict is so contrary to the evidence as to shock one's sense of justice.

When a trial court denies a weight-of-the-evidence motion, and when an appellant then appeals that ruling to this Court, our review is limited. It is important to understand we do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence. We do not decide how we would have ruled on the motion and then simply replace our own judgment for that of the trial court. Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion, whether or not that decision is the one we might have made in the first instance.

Moreover, when evaluating a trial court's ruling, we keep in mind that an abuse of discretion is not merely an error in judgment. Rather, it involves bias, partiality, prejudice, ill-will, manifest unreasonableness or a misapplication of the law. By contrast, a proper exercise of discretion conforms to the law and is based on the facts of record.

***Commonwealth v. Arnold***, 284 A.3d 1262, 1277 (Pa. Super. 2022) (quoting

***Commonwealth v. West***, 937 A.2d 516, 521 (Pa. Super. 2007)).

The trial court denied Campbell's post-sentence motion at a hearing on June 15, 2022. It explained the basis for its decision:

Okay. With regard to this matter, we are denying the motion at this time. The Court was present for the trial. The Court's impression of [Campbell] is that he tried to play stupid like a fox. It is likely that the jury came to the same conclusion.

The drugs were in his car. It is inconceivable that he did not know that those drugs were in his car[. H]e absolutely had constructive possession of those drugs, as it was his car and there was no one else there, constructive possession was proven beyond a reasonable doubt such that a jury could absolutely find that that was the case.

N.T., 6/15/22, at 2–3.

We discern no abuse of discretion. The trial court observed that the jury could reject Campbell's self-serving testimony and find that he constructively possessed the fentanyl in his car. *Id.*; *see also* Trial Court Opinion, 9/13/22, at 5, 8. We agree that based on the trial evidence, the verdict was not based on conjecture, and the trial court did not abuse its discretion by denying Campbell's motion for a new trial.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/12/2023