591 A.2d 710

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Robert FISHER, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 23, 1990.

Reargued Jan. 14, 1991.

Decided May 21, 1991.

David R. DeStefano, Joseph Hylan, Norristown, for appellant.

Mary M. Killinger, Chief, Appeals Div., Robert A. Graci, Chief Deputy Atty. Gen., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

McDERMOTT, Justice.

On September 15, 1988, a jury convened in the Court of Common Pleas of Montgomery County convicted the appellant, Robert Fisher, of murder of the first degree [1] for the shooting death of Linda Rowden. After the jury's pronouncement of the verdict of guilt, a sentencing hearing was conducted in accordance with Section 9711 of the Sentencing Code,[2] which resulted in a determination by the jury that the appellant should be sentenced to death. Following *en banc* argument, post-verdict motions were denied and the appellant was formally sentenced to death on May 3, 1989. Direct appeal from the judgment of sentence was taken to this Court pursuant to the Sentencing Code.[3]

When the appellant was called to trial, he was under federal conviction of life imprisonment for conspiracy to violate the constitutional rights (i.e., murder) [4] of one Nigel Anderson, a government informant scheduled to testify at a then-imminent heroin trial. The death of Anderson was an integral issue in the motivation for the killing of Ms. Rowden.

During *voir dire*, the prosecution, inquiring what bearing the federal conviction might have on the present proceedings, asked a venireman:

Q: Now, the jury may hear something about the fact that Mr. Fisher was found guilty last June by a jury in

1. 18 Pa.C.S. § 2502(a).
2. Act of March 26, 1974, P.L. 213, No. 46, § 3, *as amended,* 42 Pa.C.S. § 9711 *et seq.*
3. 42 Pa.C.S. § 9711(h).
4. 18 U.S.C.A. § 241.

the Federal Court in Philadelphia involving a conspiracy to violate the civil rights of a federal witness named Nigel Anderson. Do you remember reading anything about that?

A: Yes.

N.T. *Voir Dire,* September 12, 1988 at 11. That individual was selected to sit as a member of the jury.[5]

While this inquiry may have been relevant at that time, the federal conviction, on appeal, was reversed and the appellant was discharged of that offense. Given that subsequent event, the question loses pertinency and becomes prejudicial. With such a fact lodged in the jury box, its effect inestimable, a new trial is required. *See Commonwealth v. Santiago,* 456 Pa. 265, 318 A.2d 737 (1974).

For the foregoing reason, the judgment of sentence of the Court of Common Pleas of Montgomery County is vacated, and the case is remanded for a new trial.

So ordered.

---

5. Similar questions exposing the federal conviction were propounded by defense counsel.