J-A14029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                          :                PENNSYLVANIA
                                                          :
                        v.                              :
                                                          :
                                                          :
DANTE WASHINGTON                      :
                                                          :
                Appellant                         :  No. 43 MDA 2022

Appeal from the Judgment of Sentence Entered February 14, 2017
In the Court of Common Pleas of Lycoming County
Criminal Division at No:  CP-41-CR-0001075-2014

BEFORE:   BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                **FILED: SEPTEMBER 22, 2022**

Appellant, Dante Washington, appeals *nunc pro tunc* from the judgment of sentence imposed on February 14, 2017 in the Court of Common Pleas of Lycoming County following his convictions of, *inter alia*, attempted murder, aggravated assault causing serious bodily injury, aggravated assault with a deadly weapon, robbery (four counts), and theft by unlawful taking.[1]  The instant appeal involves Appellant's challenge to the trial court's denial of a request for a mistrial that was prompted by statements made by a venireperson ("Juror 29") during jury selection.  For the reasons that follow, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901(a); 2702(a)(1), (4); 3701(a)(1)(i-iv); 3921(a); and 907(b), respectively.

By way of background, we note that Appellant filed a direct appeal from his judgment of sentence following denial of his post-sentence motions. This Court affirmed his judgment of sentence and our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Washington*, 201 A.3d 845 (Pa. Super. 2018) (unpublished memorandum), *appeal denied*, 207 A.3d 905 (Pa. 2019) ("Direct Appeal").

Appellant subsequently filed a timely petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, asserting various claims, including a claim of ineffective assistance of counsel for failing to appeal the denial of a mistrial based on prejudicial comments made by Juror 29 during *voir dire.*

In its opinion and order, the PCRA court explained:

Jury selection for [Appellant's] case occurred on December 13, 2016. In the beginning, this court asked prospective jurors if anyone was acquainted with [Appellant] either socially or professionally. Juror 29 answered by saying he believed he had seen [Appellant's] name "in a professional capacity," and inquired whether he should elaborate further in case it would bias other potential jurors.[2] A bit later, Juror 29 also stated in front of all potential jurors that he is a staff physician at the federal

_____

[2] When the trial court asked if anyone was acquainted with Appellant either socially or professionally, Juror 29 raised his hand and stated, "Juror No. 29, Brian Buschman. I've got a question that I might have seen his name in a professional capacity." Excerpt of Juror No. 29, 12/13/16, at 2. The court asked if "in whatever capacity you may or may not have seen this person or another person with the same name," would that exposure affect his ability to be a fair and impartial juror, "[i]n other words, would you be able to keep that information out of your mind?" *Id.* Juror 29 responded that he could, and that it would not "take any part in the deliberation of this case." *Id.*

penitentiary in Allenwood.[3]  Upon hearing this, [lead trial counsel] made a motion for a mistrial.  [PCRA counsel (who was second chair at trial)] testified at the PCRA hearing that her concern was that the other potential jurors would assume that [Appellant] had been in federal prison based on Juror 29's statements, when he had never been federally incarcerated.  The Commonwealth's attorney suggested a cautionary instruction dictating [Appellant] has never been to federal prison, rather than declaring a mistrial.  This court did not grant either request and continued with jury selection.  [PCRA counsel] testified that she believed these statements were prejudicial to [Appellant] and included this issue in her post-sentence motions, which were summarily denied.  However, this particular issue was not raised on appeal to the Superior Court. . . . [PCRA counsel] testified that, upon reflection, she believed that the other issues actually raised on appeal were not as strong as the issue with Juror 29's statements.  [PCRA counsel] believes omission of this issue from the brief was a "mighty big" error.

PCRA Court Opinion and Order, 2/2/21, at 11-12 (citations to PCRA Hearing transcript and some capitalization omitted).

The PCRA court concluded that counsel was not ineffective for failing to challenge the denial of a mistrial on direct appeal because the statements made by Juror 29 did not rise to the requisite level of seriousness and were not "severe enough to make jurors incapable of objectivity." *Id.* at 13.  On appeal, this Court disagreed.  The court found Appellant's claim to be of arguable merit ("the trial court took no steps to ensure that the potential

_____

[3] Later, in response to the court's inquiry into whether service on the jury would result in a hardship, Juror 29 responded, "29, Brian Buschman, I'm a staff physician at the Federal Penitentiary in Allenwood.  In my professional capacity we're currently short staffed and if you wish I will be here.  I can make it this week, ma'am, but inmate medical care down there is a little bit lacking until I return.  I'm the one designated to work this month while all my colleagues have vacation."  Excerpt of Juror No. 29, 12/13/16, at 3.

jurors did not draw any conclusions or form any opinions based on Juror 29's statement, nor did it issue a cautionary instruction," ***Commonwealth v. Washington***, No. 1035 MDA 2021, unpublished memorandum at 17 (Pa. Super. filed December 21, 2021); that counsel had no reasonable basis for her inaction ("the decision not to raise this issue was not motivated by its merits or any strategic whittling of the issues to be argued on appeal," rather, counsel "candidly testified at the PCRA hearing that she elected not to raise this issue on direct appeal because the deadline for filing the brief was approaching and she did not have time to research and brief the issue," ***id.*** at 17); and that there was a "reasonable probability"—a standard "less demanding than the preponderance standard"—that Appellant suffered actual prejudice as a result, ***id.*** at 18 (citations omitted).

After concluding that counsel satisfied the requisite elements of an ineffectiveness claim, the Court determined that "the correct remedy is to restore his direct appeal rights *nunc pro tunc* to allow him to fully litigate the issue." ***Id.*** at 19. The Court directed Appellant to file a new notice of appeal within 30 days of the Court's memorandum in which "he may solely raise the issue related to the trial court's denial of a mistrial based on Juror 29's statements." ***Id.***

In compliance with the Court's directive, Appellant filed a notice of appeal on January 3, 2022. Both Appellant and the PCRA court complied with

Pa.R.A.P. 1925. In his brief filed with this Court, Appellant presents the following "question" for our review:

> The trial court errored [*sic*] by denying [Appellant's] request for a new trial due to the statements of Juror Number 29 during voir dire exposing the entire jury panel to prejudicial and inaccurate information about [Appellant] which tainted the entire jury pool and resulted in [Appellant] being denied a fair and impartial jury.

Appellant's Brief at 4 (some capitalization omitted).

We first reiterate that the purpose of *voir dire* is to ensure a competent, fair, impartial, and unprejudiced jury. **Commonwealth v. Smith**, 131 A.3d 467, 477 (Pa. 2015). "The scope of *voir dire* rests in the sound discretion of the trial court, whose decision will not be reversed on appeal absent palpable error." **Id.** at 477 (quoting **Commonwealth v. Karenbauer**, 715 A.2d 1086, 1094 (Pa. 1998) (citation omitted)).

> Further,
>
> [w]e review the denial of a motion for mistrial under the abuse of discretion standard. **Commonwealth v. Travaglia**, [28 A.3d 868, 879 (Pa. 2011)] (citation omitted). "A mistrial is an extreme remedy that is required only where the challenged event deprived the accused of a fair and impartial trial." **Id.** (citation omitted).

**Smith**, 131 A.3d at 474-75. "A trial court may grant a mistrial only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict." **Commonwealth v. Dula**, 262 A.3d 609, 633 (Pa. Super. 2021) (quoting **Commonwealth v. Gilliam**, 249 A.3d 257, 274 (Pa. Super. 2021) (additional citation omitted)).

As our Supreme Court reiterated in **Commonwealth v. Rega**, 933 A.3d 997 (Pa. 2007), *cert. denied*, 552 U.S. 1316 (2008):

> The trial court is in the best position to assess the effect of an allegedly prejudicial statement on the jury, and as such, the grant or denial of a mistrial will not be overturned absent an abuse of discretion. A mistrial may be granted only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict.

**Id.** at 1016 (quoting **Commonwealth v. Simpson**, 754 A.2d 1264, 1272 (Pa. 2002) (internal citations omitted)).

The PCRA court correctly recognized that "[t]he minimal standards of constitutional due process guarantees to the criminally accused a fair trial by a panel of impartial and 'indifferent' jurors[.]" PCRA Court Opinion, 2/2/21, at 12 (quoting **Commonwealth v. Stewart**, 295 A.2d 303, 304 (Pa. 1972)). However, "[t]he mandate for a fair and impartial jury does not require that the prospective jurors be free of all knowledge of the facts and circumstances surrounding the incident which forms the basis of the trial." **Id.** (quoting **Commonwealth v. Hoss**, 364 A.2d 1335, 1338 (Pa. 1976)). The court went on to distinguish two cases relied on by Appellant before that court as well as this Court in the instant appeal, *i.e.*, **Commonwealth v. Fisher**, 591 A.2d 710 (Pa. 1991) and **Commonwealth v. Santiago**, 318 A.2d 737 (Pa. 1974). The PCRA court noted:

> In **Fisher**, the defendant was granted a new trial after the prosecution asked a potential jury member during *voir dire* about the defendant's conviction for violating the civil rights of a witness that was later overturned. **Fisher** at [711]. In **Santiago**, the

defendant was granted a new trial when members of the jury heard from a witness that the defendant "killed an innocent boy and it isn't the first one he has killed." **Santiago** at 739. . . . We acknowledge that Juror 29's statements were not factual as [Appellant] has never served a federal prison sentence. There is no indication that the juror[]s connected the potential juror's statements to one another casting a negative mark on [Appellant]. Further, nothing in the record showed that any of the selected jurors for [Appellant's] trial had any notion of what Juror 29's statements meant or were influenced to convict by them or that Juror 29 was certain that he had seen [Appellant].

PCRA Court Opinion and Order, 2/2/21, at 12-13.

In its Rule 1925(a) opinion issued following our remand, the PCRA court supplemented its earlier opinions, reiterating that defense counsel requested a mistrial following Juror 29's second statement in which he disclosed that he worked as a physician at a federal penitentiary. The Commonwealth suggested the alternative of a cautionary instruction. PCRA Court Rule 1925(a) Opinion, 2/17/22, at 2. The court explained that defense counsel did not agree with the cautionary instruction proposal and "it is the practice of this court not to do so unless defense counsel requests it. This court did not want to reemphasize any potential prejudice to jury members[.]" **Id.** (some capitalization omitted). The court continued:

When an event prejudicial to a defendant occurs, they may move for a mistrial, otherwise the trial judge may declare a mistrial solely for reasons of "manifest necessity." Pa.R.Crim.P. [] 605. It is the opinion of this court that Juror 29's statements were not sufficiently prejudicial to [Appellant] to require a mistrial declaration. [Appellant's] name is fairly common and Juror 29 made elusive statements about potentially seeing that name while at work. In **Commonwealth v. Frazier**, the Superior Court held that a juror's expression that she had made up her mind regarding the defendant's guilt in front of the entire jury panel was not "so

- 7 -

prejudicial as to require the granting of a mistrial." ***Commonwealth v. Frazier***, 410 A.2d 826, 831 (Pa. Super. 1979). The Court further articulated that "[n]ot every unwise or irrelevant remark made in the presence of the jury compels a new trial. The comment must be of such a nature or made in such a manner as to deprive the defendant of a fair and impartial trial." ***Id. See also Commonwealth v. Whitman***, 380 A.2d 1284 (Pa. Super. 1977). If a potential juror declaring that she had already decided the defendant was guilty prior to the start of trial was not enough prejudice, then Juror 29's innocuous statement is certainly insufficient to declare a mistrial.

***Id.*** at 2-3 (some capitalization omitted).

Appellant suggests that "[t]he jury heard information suggesting [Appellant] was previously convicted of a federal offense and sentenced to incarceration in a federal facility." Appellant's Brief at 15. The Commonwealth counters, "Not every reference to prior criminal activity requires a mistrial. Appellant has exaggerated the effect of juror #29's passing remarks." Commonwealth Brief at 4 (citation omitted). We agree. Juror 29's remarks did not refer to prior criminal activity. He stated that he might know Appellant's name from his work. Although Juror 29 subsequently indicated he was a physician at a federal penitentiary, his recognition of Appellant's name could just as easily have stemmed from Appellant being a prison employee or professional colleague. There was no mention of any criminal conduct on Appellant's part.

As the Commonwealth recognized:

[T]he trial court is vested with discretion to grant a mistrial whenever the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial. In making its determination, the court must discern whether misconduct or

prejudicial error actually occurred, and if so, . . . assess the degree of any resulting prejudice. Our review of the resulting order is constrained to determining whether the court abused its discretion.

Commonwealth Brief at 4 (quoting **Commonwealth v. Hogentogler**, 53 A.3d 866, 877-78 (Pa. Super. 2012), *appeal denied*, 69 A.3d 600 (Pa. 2013). The Commonwealth distinguished the instant appeal from several other cases in which the trial court was found not to have abused its discretion in denying a mistrial. For instance, in **Commonwealth v. Kerrigan**, 920 A.2d 190 (Pa. 2007), a witness testified that the defendant had been imprisoned in New Jersey. Two witnesses had already testified that some of the crimes with which the defendant was charged were committed in New Jersey. The trial court denied a mistrial motion and this Court agreed that a singular passing reference to a prior incarceration was not sufficient to demonstrate an abuse of discretion for denying the motion for mistrial. **Id.** at 200.

This Court recognized that "[t]he central tasks confronting the trial court upon the making of the motion were to determine whether misconduct of prejudicial error actually occurred, and if so, to assess the degree of resulting prejudice." **Id.** at 199 (quoting **Commonwealth v. Sanchez**, 907 A.2d 477, 491 (Pa. 2006)). "Additionally, when dealing with a motion for mistrial due to a reference to past criminal behavior, '[t]he nature of the reference and whether the remark was intentionally elicited by the Commonwealth are considerations relevant to the determination of whether a mistrial is

required.'" *Id.* (quoting *Commonwealth v. Guilford*, 861 A.2d 365, 370 (Pa. Super. 2004)).

Here, the "nature of the reference" was vague at best and the statements made by Juror 29 were not "intentionally elicited" by the Commonwealth. Moreover—and importantly, Appellant has mischaracterized the statements by suggesting that "during *voir dire*, before every potential juror, the jurors were told [Appellant] had been convicted of a prior federal offense and had served incarceration at the highest security federal prison facility available, a federal penitentiary." Appellant's Brief at 16. That is simply not true, as Juror 29's statements confirm. *See* n. 2 and n. 3, *supra*. As the Commonwealth correctly recognized,

> [i]n this case, the jury panel heard *nothing* about when the Appellant was incarcerated, the nature of his stay in prison, or the charges for which he was convicted. There was no definitive information that [Appellant] had actually been in prison. There was, in fact, no reference to a conviction at all. The juror was not even sure if Appellant was ever inside the juror's facility. The juror could only say that he "might have" seen Appellant's name. The reference to a *potential* prison stay in this case, a conclusion that could only be reached if two different statements (with time separating the two) were pieced together, was certainly less prejudicial than what the jury heard in *Kerrigan*.

Commonwealth Brief at 7-8 (emphasis in original).

Further,

> [i]n *Commonwealth v. Stein*, 548 A.2d 1230 (Pa. Super. 1988), a witness testified to a time prior to the commission of the crime that the accused "got out of jail." *Id.* at 1234. The defense objected and requested a mistrial, which was denied. The defense rejected the court's offer of a cautionary instruction. *Id.* [This Court] noted that the trial judge had the benefit of observing the

effect of the improper evidence, and declined to disturb his decision absent a "flagrant abuse of discretion." *Id.* at 1235. The [C]ourt in *Stein* determined that the trial court did *not* abuse its discretion in denying a mistrial. The court noted that the statement was brief, it did not refer to the commission of a any specific crime or a conviction, and it was not exploited by the Commonwealth. *Id.* Also, the defense did not request a curative instruction. *Id.*

*Id.* at 9 (emphasis in original; internal citation omitted).

On direct appeal in the present case, the trial court explained:

The court did not declare a mistrial related to Juror #29's statements as they did not so prejudice the jury against [Appellant] that they would not be able to give a fair and impartial decision based on the evidence offered at trial. Juror #29 confirmed this with the court when polled. Even after later disclosing that he was in fact a physician at a federal penitentiary it was not clear that the jury pool would infer that because Juror #29 might have known [Appellant] in a professional capacity that it would necessarily have to be as an inmate physician to inmate. The court further instructed the jury on the presumption of innocence at the beginning of trial. . . . [T]he prospective juror's statement was not so prejudicial to strip [Appellant] of the presumption of innocence.

Trial Court Opinion (Direct Appeal), 9/14/17, at 28 (some capitalization omitted).[4] As the Commonwealth argues:

The [trial] court "did not want to reemphasize any potential prejudice to jury members, particularly if they had not made a connection between Juror 29's statements and any purported ramifications for [Appellant]." [The court] made a reasonable decision. [The court] further noted that Appellant's trial counsel did not agree to a cautionary instruction, so none was given.

_____

[4] Again, although Appellant raised the issue of Juror 29's statements in his post-sentence motions and in his Rule 1925(b) statement on direct appeal, and the trial court addressed it in its Rule 1925(a) opinion, Appellant abandoned the issue in the appellate brief filed with this Court.

- 11 -

Commonwealth Brief at 8-9 (quoting Rule 1925(a) Opinion, 2/17/22, at 2).

The Commonwealth puts Juror 29's statements into perspective by noting that the trial began the day after jury selection and continued for more than a week.

> The evidence presented was extensive. There were dozens of witnesses. The DNA experts for both sides filled up an entire day of testimony on their own. A passing reference that [Appellant] *might* have been in prison prior to 2016, something the prospective jurors may or may not have inferred, is insufficient to warrant a mistrial in light of the flood of information that followed over the ensuing week.

Commonwealth Brief at 14 (emphasis added).

The Commonwealth then identified a number of instances during Appellant's trial in which both Commonwealth *and* defense witnesses made references, without objection, to Appellant having been incarcerated. ***Id.*** at 14-15.

> For example, [during direct examination of one Commonwealth witness], the Commonwealth introduced a portion of [the witness's] police interview in which [the witness] stated, concerning Appellant, "he told me that he had to have [money] by that Friday or he was going to go *back* to jail." . . . There was no defense objection, despite the clear reference to Appellant having been in jail before. There was no motion for a mistrial. Appellant did not argue in his amended PCRA petition that trial counsel was ineffective failing to request such.

***Id.*** at 14-15 (emphasis added).

Here, the PCRA court recognized:

> Conclusions of guilt or innocence are to be "induced only by evidence and argument in open court, and not by any outside influence, whether of private talk or public print." ***Patterson v. Colorado***, 205 U.S. 454, 462 (1907). "The mandate for a fair

and impartial jury does not require that the prospective jurors be free of all knowledge of the facts and circumstances surrounding the incident which forms the basis of the trial." ***Commonwealth v. Hoss***, 364 A.2d 1335, 1338 (Pa. 1976). "To hold that the mere existence of any preconceived notion as to the guilt of innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard." ***Irwin v. Dowd***, 366 U.S. 717, [723] (1961).

PCRA Opinion and Order, 2/2/21, at 12.

Under the circumstances of this case, we find that the trial court did not abuse its discretion when it denied Appellant's motion for a mistrial. Therefore, we shall not disturb its ruling.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/22/2022